124 F.3d 205
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lee Andrew EDWARDS, Defendant-Appellant.
 No. 94-3307.
 United States Court of Appeals, Seventh Circuit.
 July 25, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, Hammond Division, No. 92 CR 113; Rudy Lozano, Judge.
 Before BAUER, COFFEY, EVANS, Circuit Judges.
 
 ORDER
 
 1
 On June 24, 1996, the Supreme Court vacated this court's decision in United States v. Edwards, 77 F.3d 968 (7th Cir.1996), and remanded the case for further consideration in light of Rutledge v. United States, 116 S.Ct. 1241 (1996). Edwards v. United States, 116 S.Ct. 2543 (1996).
 
 
 2
 In Edwards, we affirmed the district court's convictions which included sentences for both conspiracy to distribute narcotics and engaging in a continuing criminal enterprise. Exactly one month after our decision in this case, the Supreme Court decided Rutledge.
 
 
 3
 In Rutledge, the Court reversed and remanded, holding that conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 is a lesser included offense of a continuing criminal enterprise offense under 21 U.S.C. § 848, and that concurrent convictions for both amounts to an improper and cumulative second punishment based on the same underlying conduct. Rutledge at 1247-48. Even though Rutledge's sentences for both convictions were to run concurrently and were for life imprisonment without possible release the Court found that there were collateral consequences because of the district court's imposition of the statutorily required $50 assessment on each conviction and further, that even if the assessment were ignored the separate convictions still had potential collateral consequences. Id. The Court accordingly required that one of the convictions and concomitant sentences be vacated. Id. at 1250-51.
 
 
 4
 As the holding in Rutledge is applicable in the present case, this matter is remanded to the district court with instructions to vacate Edwards convictions and concurrent sentences on either the conspiracy to distribute narcotics or the continuing criminal enterprise convictions. Additionally, if Edwards has paid any assessments for the convictions that the district court vacates, it shall direct the United States to refund that amount to Edwards.
 
 
 5
 REMANDED.